UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER,   Plaintiff,

v.   Civil Action No. 3:16-cv-381-DJH

LOUISVILLE METRO POLICE DEPARTMENT *et al.*,   Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Gary Dewayne Weber filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed the instant action on June 17, 2016, on the Court's general complaint form. He names the Louisville Metro Police Department (LMPD) and the Carrollton Police Department (CPD) as Defendants. As the basis for this Court's jurisdiction, Plaintiff states, "defamation of Charater accused falsely, Police brutality, Adult abuse, Kiddnaping, 'Racial discrimination' . . . ." As his statement of the claim, Plaintiff states, "Carrollton Police men & women & Louisville Metro Police of Kentucky falsely accused crimes on me Gary Dewayne Weber & still do to this day in Claiming ? Im falsely accused, Police brutality, Adult abuse, kidd napping, Racial discrimination, defamation of character." As relief, Plaintiff seeks compensatory damages, expungement of his record, and injunctive relief.

Plaintiff attaches four hand-written pages to the complaint form wherein he states the following:

Carrollton Police men, Plant fact drugs on me in 2008 & 2009 over a old friends House. I was false arrested & defamation of charcater because that lie on me . . . Allso louisville Police men & women was lieing falseing information about were I was at in Jefferson County, when I asked? Were The Warrant Catation Here in Jefferson County or open record the offices of Louisville Metro Police lied and said they didn't not have it and it look like I was arrest in Carrollton, but I was arrested in Jefferson County really, so they are trying to the Louisville Police & Carrollton Police trying to or did deceived Gary Dewayne Weber my whereabouts to friends, family & strangers & even police men & women that does there Job right. Gary Dewayne Weber I was robbed, kidnapped, & im claiming "Police brutality," "Adult abuse," because I was beat up by in the Jail by Carroltton police when I was in the Jail because they wanted to be remember as a racist. And they are "corrupt" to try to make a person like me or someone else fight a police man so the Cop can get pain pills and share it between each other. I Gary Dewayne Weber Also was kiddnapp & robbed again by the Jefferson County Police They Took A moe-pad of mine and sold the moe-pad at the Police Auction. . . .

Then they trying to play a weighing game in another court Case that I won & they been delaying my answer & my lawer knowing both of us Me Gary Dewayne Weber are been adultly abused or if not me I'm saying and I know this is called adult abuse two of the female Judge's & a old lawer are corrupt. They white & there are 3 police Black Office are corrupt & they are racist Plus they police Jump me agian on 10-15-2015 the Judge changed by court date be hind my back & lawer back the Police men from another park of these County Jefferson stocking me and other and fight me to get him self hurt to get pain pills plus I Gary Dewayne Weber call this Adult abuse because they know a person can not fight a policemen and if you didn't do any the to brake the law any futher these police men would get mad and try to pick a real fight to get hurt on the clock I guess the officers are saying it's occupational Hazard by fakeing a crime on a person like me Gary Dewayne Weber so them cops been or Have been fighting me to get hurt on the Job I don't want to fight any body the office I'm talking about are corrupt. And I got more evidence if you need it . . . .

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

The Court liberally construes the complaint as alleging violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42

U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

On June 14, 2016, this Court dismissed another action filed by Plaintiff against the LMPD and CPD alleging substantially similar claims as those made in this action, including claims of false arrest and force used by unspecified police officers, vague allegations of stalking by police, claims surrounding an October 15, 2015, incident with police officers, allegations concerning the confiscation of Plaintiff's moped, and claims seeking expungement of his record. *See* Civil Action Number 3:16-cv-213-DJH. The Court dismissed that action for failure to state a cognizable § 1983 claim because neither LMPD nor CPD is an entity subject to suit under § 1983 and the complaint failed to establish a basis of liability against either Louisville Metro Government or the City of Carrollton.

Three days later, on June 17, 2016, Plaintiff filed the instant action, again naming LMPD and CPD as Defendants. This case must be dismissed for the same reasons the previous action was dismissed. As stated in the Court's June 14, 2016, Memorandum Opinion, police departments are not suable under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the LMPD are against the Louisville Metro Government as the real party in interest, and the claims against the CPD are against the City of Carrollton as the real party in interest. *See Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

4

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Once again, nothing in the instant complaint demonstrates that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by either the Louisville Metro Government or the City of Carrollton. Accordingly, the complaint fails to establish a basis of liability against the municipalities and thus fails to state a cognizable § 1983 claim. Therefore, the action will be dismissed by separate Order.

Upon review of the Court's records, Plaintiff has filed three other previous actions against LMPD and CPD essentially repeating the same allegations of racial discrimination, false arrest, abuse, and the confiscation of his moped. Each of these cases was dismissed. *See* Civil Action Nos. 3:16-cv-85-DJH (dismissed for failure to establish municipal liability and for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); 3:15-cv-

754-DJH (dismissed for failure to establish municipal liability and for lack of subject matter jurisdiction under *Apple v. Glenn*); 3:15-cv-573-JHM (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for failure to state a claim). Plaintiff also filed two previous cases alleging essentially the same facts naming LMPD only. *See* Civil Action Nos. 3:14-cv-715-DJH (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for failure to state a claim); 3:14-cv-315-CRS (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a)).

"Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose." *See Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 519 (6th Cir. 2002)). The Court finds that Plaintiff's continued filing of lawsuits against LMPD and CPD making essentially the same allegations despite the dismissal of previous actions is abusive, wasteful of judicial resources, and vexatious. Therefore, **the Court WARNS Plaintiff that any additional lawsuits against LMPD and CPD repeating the allegations made in this and previous lawsuits will result in sanctions imposed against him**, including potential monetary sanctions and filing restrictions.

Date: November 22, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.010

6